IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-MJ-3272-NCC |
| | ) | |
| Chukwuemeka Ezra OTEH, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR PRE-TRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Lisa Yemm Epplin, Assistant United States Attorney for said District, and moves the Court to order defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, et seq.

As and for its grounds, the Government states as follows:

1. Defendant is charged with an offense for which a maximum term of imprisonment of twenty years or more is prescribed in the Controlled Substances Act (Title 21, United States Code, Section 801, et seq.), specifically Title 21 U.S.C. 846 and 841(a)(1).

2. Accordingly, a rebuttable presumption arises pursuant to Title 18, United States Code, Section 3142(e)(3) that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

**The Nature and Circumstances of the Offense**

3. Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and circumstances of the offense charged, including whether the offense is a crime of violence, or involves a controlled substance or a firearm. This defendant is charged with the distribution of one or more controlled substances, believed to be heroin. Furthermore, as described in the affidavit, the defendant is believed have sold heroin previously on or about November 15, 2026, which resulted in the death of victim R.R. Also as described in the affidavit, defendant continued to sell controlled substances, suspected to be the same lethal heroin, investigators posing as R.R., which sale constitutes the basis for the instant charge. Furthermore, when defendant was arrested and taken into custody on November 19, 2026, he had on his person additional quantities of the same type of controlled substances that he sold to R.R. on November 15 and to investigators on November 18, 2026. The first of the § 3142(g) factors weighs heavily in favor of detention.

**The Weight of the Evidence Against the Defendant**

4. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong.

5. Much of the evidence against the Defendant is outlined in detail in the sworn Complaint Affidavit which is incorporated herein by reference. Defendant was captured on security camera delivering the drugs to R.R.'s residence on November 15, 2026, and observed by investigators via camera delivering controlled substances to R.R.'s residence on November 18, 2026. Defendant was also arrested in possession of suspected controlled substances in similar packaging to the other controlled substances he distributed in this case. Investigators also have obtained the application-based messaging between the victim and the account with Defendant's cellular phone number which also weighs heavily against Defendant.

## The History and Characteristics of the Defendant

6. Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

7. Defendant admitted to investigators he is addicted to heroin. He has sold controlled substances twice – delivering it to the home of his customer – that investigators know of, in this investigation, and on occasion those controlled substances are believed to have resulted in victim R.R.'s death.

## The Nature and Seriousness of the Danger to the Community

8. The nature and seriousness of the danger to the community is great. The defendant's continued distribution of deadly controlled substances. There is at least one overdose death attributable to defendant.

9. The safety of the community would clearly be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

## Risk of Flight

10. The Defendant is facing serious penalties if convicted of distribution of a controlled substance. Furthermore, when investigators were surveilling Defendant in his vehicle, they believed he engaged in evasive driving at one point to elude detection.

## Conclusion

11. The government submits that when considering all the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and

convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Additionally, there is a preponderance of evidence that no condition or combination of conditions will reasonably assure the defendant's appearance in court.

Respectfully submitted,

THOMAS C. ALBUS
UNITED STATES ATTORNEY

*/s/ Lisa Yemm Epplin*
LISA YEMM EPPLIN, #64601MO
Assistant United States Attorney
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200